# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

```
RONALD T. ENGVOLDSEN and        *
PATRICIA ENGVOLDSEN,            *
                                *
     Plaintiffs,                *
                                *      CV 115-069
     v.                         *
                                *
THE BANK OF NEW YORK MELLON,    *
as Trustee for the              *
Certificateholders of CWABS     *
INC., Asset-Backed              *
Certificates, Series 2007-      *
SEA1, Acting Through Its        *
Servicing Agent, Bayview Loan   *
Servicing, LLC; BAYVIEW LOAN    *
SERVICING, LLC; and THE         *
INTERNAL REVENUE SERVICE,       *
                                *
     Defendants.                *
```

### ORDER

Presently before the Court is a Motion to Dismiss filed by Defendant Bayview Loan Servicing, LLC ("Bayview"), as servicing agent for Defendant The Bank of New York Mellon (the "Bank"), which the parties have fully briefed. See Dkt. Nos. 13, 15, 18. Also before the Court is a fully briefed Motion for Judgment on the Pleadings by the United States of America (the "Government"), on behalf of Defendant The Internal Revenue Service (the "IRS"). See Dkt. Nos. 19, 24, 27. The Court held

a hearing on these motions on November 9, 2015.  See Dkt. No. 28.

For the reasons that follow, Bayview's Motion to Dismiss (dkt. no. 13) is **GRANTED**, and all claims against Bayview and the Bank are hereby **DISMISSED**.  Because the related claims against the IRS must also be **DISMISSED**, the Motion for Judgment on the Pleadings (dkt. no. 19) filed on behalf of this Defendant is **DISMISSED as moot.**

## FACTUAL BACKGROUND

Plaintiffs Ronald T. Engvoldsen and his wife, Patricia Engvoldsen (collectively, "Plaintiffs"), owned a home in Augusta, Georgia (the "Property"), which they rented out each year during the Masters Golf Tournament.  Dkt. No. 1, ¶ 8. While Plaintiffs maintain that the income they received for the short-term rental was not taxable, they acknowledge that they never properly informed the IRS of the existence and nature of this income.  Id. at ¶ 9.  In early March 2007, the IRS filed a tax lien against the Property due to Plaintiffs' nonpayment of certain past due taxes, including those owing to the unreported rental income.  Id. at ¶ 10, Ex. C.

In late March 2007, Plaintiffs took out a loan and executed a security deed granting the lender an interest in the Property. Id. at ¶¶ 5-6, Ex. A.  The lender subsequently assigned the note and security deed to the Bank, with Bayview as the loan

servicer, in February 2013. Id. at ¶ 7, Ex. B. Plaintiffs state that they soon became unable to make the required payments on the loan, and, in November 2014, contacted Bayview and submitted an application to refinance the Property, so as to avoid foreclosure. Id. at ¶ 11, Ex. D.

According to Plaintiffs, they received assurance from Bayview's representative that Bayview had not scheduled foreclosure for the first Tuesday in December 2014, and, relying on this information, they did not file bankruptcy or take any other action to forego foreclosure. Id. at ¶¶ 13-14. Nevertheless, Plaintiffs assert that the Bank had notified the IRS in October 2014 that it intended to foreclose on the Property. Id. at ¶ 16, Ex. E. On December 2, 2014, Bayview, acting for the Bank, proceeded with the foreclosure sale and, ultimately, deeded the Property to the Bank. Id. at ¶ 17, Ex. F.

Based on these alleged events, Plaintiffs filed this action against the Bank, Bayview, and the IRS on May 14, 2015. Id. at p. 6. As to this Court's jurisdiction to hear their claims, Plaintiffs rely on diversity of citizenship for the Bank, acting through Bayview, and a federal question arising under 28 U.S.C. § 1340 with respect to the IRS's tax lien. Id. at ¶ 1. Plaintiffs claim that the Bank and Bayview's foreclosure sale was contrary to the assurances given by Bayview's representative

and thus should be set aside as improper or inequitable. Id. at ¶¶ 19, 21, 22(b)-(c). Plaintiffs also ask that the Court declare the interests of the parties in the Property, and protect the interests of Plaintiffs and the IRS. Id. at ¶¶ 22, 22(d). Finally, Plaintiffs request "[t]hat the Court determine the true amount of the lien of [the] IRS," and "decrease[] [the lien] so that it only reflects income owed—not unreported . . . rental money." Id. at ¶¶ 20, 22(d).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain both "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Accordingly, a responding party may move to dismiss the complaint based on a "lack of subject-matter jurisdiction" or a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(1), (6) ("Rule 12(b)(1)" and "Rule 12(b)(6)," respectively). A responding party may raise similar arguments in a motion for judgment on the pleadings filed "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c) ("Rule 12(c)").

I.  **Motions to Dismiss**

Motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6) challenge the legal sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(1), (6). A court applies the same standards of review in evaluating dismissal based on a lack of subject-matter jurisdiction and a failure to state a claim. See Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (interpreting Fed. R. Civ. P. 8(a)(2)). To be plausible on its face, a complaint must set forth enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In evaluating a motion filed pursuant to Rule 12(b)(1) or Rule 12(b)(6), a court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Ordinarily, a court's review on dismissal is limited to the factual allegations on the face of the complaint. See Iqbal, 556 U.S. at 678. If a court is presented with matters outside the pleadings on a motion to dismiss, the motion

AO 72A
(Rev. 8/82)

is converted into one for summary judgment. Fed. R. Civ. P. 12(d). However, there are certain instances in which a court may consider matters outside the pleadings without transforming a motion to dismiss into a summary judgment motion, see Davis v. Self, 547 F. App'x 927, 929 (11th Cir. 2013), including, for example, that a court may consider copies of documents that a plaintiff has attached to the complaint, see Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1368 (11th Cir. 1997) (a court may examine "the face of the complaint and attachments thereto").

## II. Motion for Judgment on the Pleadings

Judgment on the pleadings "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)); see also Fed. R. Civ. P. 12(c). A court reviewing a motion for judgment on the pleadings under Rule 12(c) thus applies the same standard applicable to a Rule 12(b)(6) motion to dismiss, "accept[ing] the facts alleged in the complaint as true and draw[ing] all inferences that favor the nonmovant." See Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) (citing Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th

Cir. 1996)). If, upon reviewing the pleadings, it appears that a plaintiff "would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." See Horsley, 292 F.3d at 700 (citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)).

**DISCUSSION**

Bayview, acting as servicing agent of the Bank, moves to dismiss Plaintiffs' Complaint under Rule 12(b)(6) for failure to state a claim. Dkt. No. 13-1. The Government, on behalf of the IRS, filed an Answer to Plaintiffs' Complaint (dkt. no. 17), and now moves for judgment on the pleadings pursuant to Rule 12(c). Dkt. No. 19. Applying the above-described standards, the Court addresses the issues raised in these submissions in turn.

I. **Bayview's Motion to Dismiss (Dkt. No. 13)**

Bayview, acting as servicing agent of the Bank, argues that Plaintiffs fail to state a claim upon which relief may be granted, because Plaintiffs do not allege to have tendered the full amount due on their loan. See Dkt. No. 13-1, pp. 4-5. According to Bayview, a debtor must pay his creditor the full amount of principal and interest owing on his debt prior to seeking to set aside a foreclosure in equity. Id. (citing Ceasar v. Wells Fargo Bank, N.A., 744 S.E.2d 369, 373 (Ga. Ct. App. 2013), and Chen v. Wells Fargo Bank, N.A., No. 1:13-CV-

3037-TWT, 2014 WL 806916, at *3 (N.D. Ga. Feb. 27, 2014)). As Plaintiffs have not satisfied, and do not allege to have satisfied, this precondition to suit, Bayview concludes that Plaintiffs' wrongful foreclosure claims must be dismissed on this basis, and that the underlying merits of those claims are irrelevant. Dkt. No. 18, pp. 3-4.

Under Georgia law, a foreclosing creditor has a statutory duty to provide prior notice of the foreclosure sale to the debtor in accordance with O.C.G.A. § 44-14-162.2(a), and a failure to do so may result in the debtor filing suit either to set aside the foreclosure or to recover damages for wrongful foreclosure. Roylston v. Bank of Am., N.A., 660 S.E.2d 412, 416-17 (Ga. Ct. App. 2008). However, "Georgia courts routinely require plaintiffs to make sufficient tender before they may have a foreclosure sale set aside due to an alleged defect in the foreclosure process." Chen, 2014 WL 806916, at *3. Indeed, "to set aside the sale on any ground asserted by its pleadings other than the lack of authority to make the deed, or the foreclosure of the deed prior to its due date, it [is] incumbent on the [debtor] to . . . tender . . . the amount of the debt due." Massey v. Nat'l Homeowners Sales Serv. Corp. of Atlanta, 165 S.E.2d 854, 859 (Ga. 1969); see also Hill v. Filsoof, 618 S.E.2d 12, 14 (Ga. Ct. App. 2005) (stating that full tender is

equal to the amount of principal and interest due (quoting <u>Coile v. Fin. Co. of Am.</u>, 146 S.E.2d 304, 304 (Ga. 1965))).

Plaintiffs seek to have the foreclosure sale carried out by Bayview, on behalf of the Bank, set aside in equity on the basis of an alleged lack of notice. Dkt. No. 1, ¶¶ 19, 21, 22(b)-(c). Notably, and as Plaintiffs' counsel acknowledged at the November 9, 2015, motions hearing, Plaintiffs do not allege that the Bank lacked authority to enter into or receive an assignment of the security deed, or that Bayview foreclosed before the debt became due. As such, this case does not present any exception to the general rule that the full amount of the debt be tendered as a precondition to suit.

While Plaintiffs stress the public policy implications of requiring full payment where there is a lack of statutory notice, dkt. no. 15, pp. 5-6, this type of defect is not a recognized exception to the rule in Georgia, see <u>Massey</u>, 165 S.E.2d at 859 (requiring full tender "to set aside the sale <u>on any ground</u> . . . other than" lack of authority and premature foreclosure). To the extent that Plaintiffs' policy argument relates to the insufficiency of funds, dkt. no. 15, pp. 5-6, Georgia courts have expressly rejected this circumstance as excusing the tender requirement, see <u>Hill</u>, 618 S.E.2d at 14 ("Neither fraud nor poverty constitute an equitable excuse for

AO 72A
(Rev. 8/82)

failure to tender." (citing Sapp v. ABC Credit & Inv. Co., 253 S.E.2d 82, 82 (Ga. 1979))).

Rather, Plaintiffs were required to tender the full amount owing on their loan with the Bank and Bayview prior to initiating this action. Significantly, nothing in their Complaint suggests that they have paid, or otherwise attempted to pay, at any time, the full amount of the debt secured by the Property. In failing to allege this essential prerequisite to their claims, Plaintiffs' Complaint falls short of plausibly demonstrating that they are entitled to an order setting aside the foreclosure on the Property. See Chen, 2014 WL 806916, at *3 (dismissing the debtor's claim for equitable relief, in part because "she [did] not allege that she tendered the amount due on her loan"); Ceasar, 744 S.E.2d at 373 (upholding the trial court's determination that the debtors did not state a claim to set aside the foreclosure sale where they had failed to tender the balance due on their loan). Thus, Bayview's Motion to Dismiss for failure to state a claim must be **GRANTED,** and Plaintiffs' claims against the Bank and Bayview must be **DISMISSED.**

AO 72A
(Rev. 8/82)

## II. The Government's Motion for Judgment on the Pleadings (Dkt. No. 19)

In its Motion, the Government initially notes that the Court should dismiss the IRS as a party-Defendant, because it is not subject to suit in its own name. Dkt. No. 19, pp. 2-3) (citing Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989)). The crux of the Government's argument, however, is that the Court lacks jurisdiction to hear Plaintiffs' claims against the IRS, because Plaintiffs fail to show a waiver of sovereign immunity, as is required to proceed in an action against the Government. Id. at pp. 1, 6 (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 507 (2006) (entry of judgment on the pleadings under Rule 12(c) is proper when subject-matter jurisdiction is lacking)). The Government argues, in relevant part, that 28 U.S.C. §§ 1340 and 2410—on which Plaintiffs rely in their Complaint and Response, see dkt. no. 1, ¶ 1; dkt. no. 24, p. 3—do not apply here, because the IRS's tax lien has been discharged. Dkt. No. 19, pp. 4, 6; Dkt. No. 27, p. 2 (citing 26 U.S.C. § 7425(d)). Additionally, the Government contends that Plaintiffs improperly seek to challenge the merits of their tax liability that resulted in the federal tax lien. Dkt. No. 19, p. 6; Dkt. No. 27, p. 2 (citing Stoecklin v. United States, 943 F.2d 42, 43 (11th Cir. 1991)).

As an initial matter, the Government's Motion for Judgment on the Pleadings is better characterized as a motion to dismiss for lack of subject-matter jurisdiction. A motion for judgment on the pleadings is to be filed "[a]fter the pleadings are closed," Fed. R. Civ. P. 12(c), and "[p]leadings are considered 'closed' when all defendants have filed answers to the complaint," Jordan v. Def. Fin. & Accounting Servs., No. 8:14-CV-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014) (alteration in original) (quoting Gelsomino v. Horizon Unlimited, Inc., No. 07-80697, 2008 U.S. Dist. LEXIS 68907, at *6 n.3, 2008 WL 4194842 (S.D. Fla. Sept. 9, 2008)). As the Government filed its Motion at a time when the Bank and Bayview had not yet filed an answer to the Complaint, and instead had submitted a Motion to Dismiss that remained pending, the Government's Motion was premature.

Nevertheless, given the Court's ruling on Bayview's Motion to Dismiss in Part I, it would serve no useful purpose to require the Government to refile its Motion following the dismissal of those Defendants. Instead, the Court will construe the Government's Motion as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). See Signature Combs, Inc. v. United States, 253 F. Supp. 2d 1028, 1030 (W.D. Tenn. 2003) (construing a prematurely filed motion for judgment

on the pleadings as a motion to dismiss for failure to state a claim under Rule 12(b)(6)).

However, under either characterization of this Motion, the Court's disposition on Bayview's Motion to Dismiss herein renders the Government's Motion moot. That is, in their Complaint, and as confirmed by their counsel at the hearing, Plaintiffs joined the IRS as a named party, because they seek to have the Court set aside the foreclosure in equity and, upon doing so, declare the interests in the Property, protect the interests of Plaintiffs and the IRS, and reduce the amount of the IRS's lien. See Dkt. No. 1, ¶¶ 19, 21, 22(b)-(d). Because the Court has dismissed Plaintiffs' claims to set aside the foreclosure, their reasons for instituting this action against the IRS cease to exist—a result contemplated, and even agreed upon, by Plaintiffs in their Response, see dkt. no. 24, pp. 2-3 ("If this Court [was] to grant the [M]otion of [t]he Bank . . . , then Plaintiffs would agree that the Court would not have jurisdiction over the [IRS] and that the entire case should be dismissed."). Thus, Plaintiffs' claims against the IRS are to be **DISMISSED** on this basis, and the Government's Motion seeking to dispose of those claims on the merits is **DISMISSED as moot.**

The Court further notes that even if it were to reach the substance of the Government's Motion, the Motion would be due to

AO 72A
(Rev. 8/82)

be granted, and Plaintiffs' claims dismissed, on jurisdictional grounds. In support of subject-matter jurisdiction, Plaintiffs rely on 28 U.S.C. § 1340, which grants federal courts jurisdiction over civil actions arising under congressional acts providing for internal revenue, in conjunction with 28 U.S.C. § 2410(a), which provides a waiver of immunity with respect to actions to quiet title real property on which the Government claims a lien. See Dkt. No. 1, ¶ 1; Dkt. No. 24, p. 3. However, 28 U.S.C. § 2410(a) does not apply here, because, according to Plaintiffs' own factual allegations, the IRS received notice of the foreclosure sale in October 2014. Dkt. No. 1, ¶ 16, Ex. E. By virtue of this prior notice, the IRS's lien has been discharged and, therefore, cannot serve as the basis for jurisdiction under this section. See 26 U.S.C. § 7425(b)(2)(C) (stating that a nonjudicial sale will result in the "discharge or divestment" of a lien held by the Government if "notice of such sale is given").

Moreover, even if the IRS's tax lien had not been discharged, any action brought pursuant to 28 U.S.C. § 2410(a) on the basis of that lien could contest only the procedural validity, not the merits, of the underlying tax assessment. See Stoecklin, 943 F.2d at 42. Plaintiffs assert that the IRS's tax assessment was inaccurate, in that the IRS should not have included the sums received from the short-term rentals during

the Masters Golf Tournament. See Dkt. No. 1, ¶¶ 20, 22(d). In doing so, Plaintiffs improperly seek to challenge the merits of the underlying federal tax assessment, which cannot be the subject of an action under 28 U.S.C. § 2410(a).[1]

**CONCLUSION**

Based on the foregoing, Bayview's Motion to Dismiss (dkt. no. 13) is **GRANTED,** and Plaintiffs' claims against Bayview and the Bank are **DISMISSED.** As a result, Plaintiffs' claims against the IRS must be **DISMISSED,** and the Government's Motion for Judgment on the Pleadings (dkt. no. 19) filed on behalf of this Defendant is, therefore, **DISMISSED as moot.**

The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to close this case.

**SO ORDERED**, this 11TH day of December, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court also notes the Government's argument regarding the IRS being incorrectly named as a party-Defendant. See Dkt. No. 19, pp. 2-3. Given that Plaintiffs' claims against the IRS must be dismissed for the reasons discussed herein, the Court need not resolve this issue.